```
                    United States District Court
                      District of Massachusetts
 _____
                               )
Anthony Provanzano,            )
                               )
          Plaintiff,           )
                               )
          v.                   )    Civil Action No.
                               )    15-11720-NMG
MTD Products Co. et al.,       )
                               )
          Defendants.          )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Anthony Provanzano ("plaintiff") brought this action against defendants MTD Products Co. and Lowe's Home Centers, LLC (collectively, "defendants") arising out of a riding lawn mower accident during which four of plaintiff's fingers were amputated.  Plaintiff claims MTD's lawn mower was defective and unreasonably dangerous and as a result, caused plaintiff's injuries.  Plaintiff also seeks relief from Lowe's for selling such a product.

Defendants filed separate motions for summary judgment against plaintiff.  For the following reasons, those motions will be allowed, in part, and denied, in part.

I.   **Factual and Procedural Background**

Late in the afternoon of October 12, 2014, Provanzano began to mow his lawn.  After making two or three passes around his

front yard, he noticed grass was clumping and not being ejected from the chute.  He got off the rider mower to see if the grass was wet enough to clump and whether he had to remove the clog.

Before dismounting, however, he locked the parking break and put the lawn mower in neutral.  He also testified that he thinks he accidently pulled the deck height lever instead of the blade engagement lever ("PTO lever").  Provanzano recounted that while dismounting he had one hand on the steering wheel and one hand on the back of the seat to steady himself until he reached the ground.  He then went to the back of the mower, surmised there was a clog and attempted to clear it.  He walked around to the right side of the mower where he compared the grass from the chute and the uncut grass under foot.  At that point, Provanzano reached under the cutting deck in an attempt to clear the clog resulting in the amputation of four of his fingers.

Plaintiff purchased his riding lawn mower, manufactured by defendant MTD Products, from a Lowe's Home Centers in Danvers, Massachusetts.

The riding lawn mower has a PTO lever which is used to engage and disengage the cutting blade from the mower's engine. The PTO lever is located next to a deck height lever on the right fender of the mower.  The riding mower also has an operator presence control ("OPC") switch in the seat frame which

is designed to stop the engine and blade as soon as the riders' weight is removed from the back of the seat.

In April, 2015, defendants removed the case from Massachusetts state court to federal court.  Pending before this Court are defendants' motions for summary judgment on all counts of the complaint.

## II. Defendants' Motions for Summary Judgment

Defendants move for summary judgment on the merits of each of plaintiff's four claims.  The complaint alleges separately against each defendant 1) breach of implied and express warranty of merchantability (Counts I and II), 2) negligence (Counts III and IV), 3) unfair or deceptive acts or practices under the Massachusetts Consumer Protection Act, M.G.L. c. 93A ("Chapter 93A") (Counts V and VI) and 4) double or treble damages under that same statute (Counts VII and VIII).

### A.  Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of

the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

   **B.   Application**

      **1.   Counts I and II:  Breach of Express and Implied Warranties of Merchantability**

Plaintiff first claims that defendants breached express and implied warranties of merchantability.

To the extent plaintiff asserts claims against defendants for breach of express warranty in Counts I and II, the Court will allow defendants' motions for summary judgment.  There are

no facts in the record indicating that plaintiff relied on any specific warranties when he purchased the lawn mower. See M.G.L. c. 106, § 2-313(1)(a).

With respect to the claims for breach of implied warranties, however, the Court will deny defendants' motions for summary judgment.

Under Massachusetts law, manufacturers impliedly warrant that their products will be "fit for the ordinary purposes for which such goods are used." Back v. Wickes Corp., 378 N.E.2d 964, 969 (Mass. 1978) (quoting M.G.L. c. 106, § 2-314(2)(C)). To succeed on its breach of implied warranty of merchantability claim, plaintiff must show that 1) defendant manufactured or sold the product that injured plaintiff, 2) a defect or unreasonably dangerous condition existed so that it was not suitable for the ordinary uses for which goods of that kind were sold, 3) plaintiff was using the product in a manner that defendant intended or that could reasonably have been foreseen and 4) the defect or unreasonably defective condition was a legal cause of plaintiff's injury. Lally v. Volkswagen Aktiengesellschaft, 698 N.E.2d 28, 43 (Mass. App. Ct. 1998).

The plaintiff may base a claim for breach of an implied warranty on a manufacturing, design or warning defect that makes the product unreasonably dangerous. Evans v. Lorillard Tobacco Co., 900 N.E.2d 997, 1010 (Mass. 2013).

**a.   Design defect**

First, defendants aver that plaintiff cannot prevail on a design defect theory because he did not show that moving the OPC to a different location on the seat of the rider lawn mower would have reduced the harm to the plaintiff.  The Court disagrees.  Plaintiff's theory is that placing the OPC in the seat cushion, rather than the seat back, as defendant MTD does with other mowers, and connecting it to the PTO, would have reduced the blade stopping time.  Plaintiff maintains that alternative design would have allowed the blades to come to a complete stop, or at least slow down substantially, before he reached under the mower.  The Court finds that plaintiff has presented an adequate explanation of causation to survive summary judgment. See Uloth v. City Tank Corp., 384 N.E.2d 1188, 1193 (Mass. 1978) ("[T]here is a case for the jury, if the plaintiff can show an available design modification, which would reduce the risk [of an injury] without undue cost or interference with the performance of the machinery.").

Defendants also contend that the alleged design defect in the controls of the mower is unavailing.  Although plaintiff testified that he did not look at the controls before he mistakenly pulled the deck height lever instead of the PTO, it is for the jury to decide whether altering the layout or color

scheme of the controls could have reduced the harm that occurred.

### b. Warnings defect

Plaintiff also claims the lawn mower was defective because there was no warning label on the grass chute tube.  Defendants respond that plaintiff's expert could not be certain whether different warnings would have changed the outcome and that plaintiff testified that different warnings "maybe" would have changed his reactions on that day.  In other words, defendants maintain that plaintiff cannot show legal causation.

Viewing the evidence in the light most favorable to plaintiff, as the Court must do, there is a genuine issue of material fact for the jury as to whether the alleged defect in the warnings contributed to the cause of plaintiff's injury.

### c. Expert testimony

Finally, defendants submit that plaintiff's claims fail because of the absence of admissible expert testimony.  Under separate cover, the Court has denied defendants' motion to exclude Mr. Sevart's testimony and thus the Court finds this argument unavailing.  Moreover, the fact that Mr. Sevart's testimony could be construed as materially inconsistent with the plaintiff's description of the accident is a question of fact (and credibility) for the jury.

Therefore, the Court will deny defendants' motions for summary judgment on Counts I and II with respect to the claims for breach of implied warranty of merchantability but will allow the motion with respect to the claims for breach of express warranty.

### 2. Counts III and IV:  Negligence

Defendants seek summary judgment on plaintiff's negligence claims.  A plaintiff claiming negligence must establish the basic elements of duty, breach of duty, cause in fact and proximate cause. Colter, 525 N.E.2d at 1313.  To establish breach, the plaintiff must prove that the defendant 1) failed to exercise reasonable care to eliminate avoidable dangers to the user and 2) there is an alternative design available which would allow the product to perform the same function in a safer fashion. Uloth, 384 N.E.2d at 1191.

Defendants aver that plaintiff cannot show causation with respect to these counts but their arguments fail for the same reasons articulated as to Counts I and II above.  Therefore, the Court will deny defendants' motions for summary judgment with respect to Counts III and IV.

### 3. Counts V through VIII:  Claims under Chapter 93A

The Court will deny defendants' motions for summary judgment on Counts V through VIII.  Plaintiff's Chapter 93A claims are based on the same breach of implied warranty and

negligence theories as the common law claims and thus survive summary judgment on the same grounds. See, e.g., Iannacchino v. Ford Motor Co., 888 N.E.2d 879, 889 (Mass. 2008) ("An implied warranty claim and a c. 93A claim . . . based on the same economic theory of injury and the same set of alleged facts . . . should survive or fail under the same analysis.").

### 4. The Assertion of Defendant Lowe's that There Is No Evidence of a Duty Owed to Plaintiff

In its separate motion for summary judgment, Lowe's proffers an additional argument, without citation, that plaintiff cannot establish any claim against it in the absence of a showing that Lowe's had a duty to test the lawn mower for compliance with ANSI blade stop time standards.

That argument is unpersuasive, however, because expert testimony is not required to establish a duty in this case. Generally under Massachusetts law, the existence of a duty is a question of law for the Court to decide. Cottam v. CVS Pharmacy, 764 N.E.2d 814, 819 (Mass. 2002).

With respect to the breach of implied warranty claims, the issue in this case under a warnings theory is whether a reasonable person would comprehend the warnings on the mower, not the technical specifications of the lawn mower. See id. at 823 (finding expert testimony on the existence of a duty not required where the case involved issues of warnings defect).

Similarly, plaintiff's defective design theory focuses on whether the product was defective and unreasonably dangerous, not on the seller's conduct. See Colter, 525 N.E.2d at 1313. Thus, plaintiff is not required to present expert testimony on Lowe's duty to test the lawn mower for blade stop times.

Plaintiff also does not need to establish that Lowe's has a specific duty to test the blade speed with respect to his negligence claims.  The duty for negligence is a reasonableness standard, not compliance with any industry benchmarks. See Wasylow v. Glock, Inc., 975 F. Supp. 370, 376 (D. Mass. 1996) ("We impose liability when a product's . . . seller has failed to use reasonable care to eliminate foreseeable dangers which subject a user to an unreasonable risk of injury." (quoting Colter, 525 N.E.2d at 1313)).

Even assuming the ANSI B71.1 is the industry standard for blade stop time, plaintiff need not prove that Lowe's failed to abide by that standard to succeed on a claim for negligence. See Bergendahl v. Mass. Elec. Co., 701 N.E.2d 656, 720 (Mass. App. Ct. 1998) (failing to comply with industry standards "is not conclusive upon the issue" of negligence).  Because plaintiff could succeed on a claim of negligence against Lowe's without showing that Lowe's failed to comply with ANSI standards, plaintiff's expert need not establish that defendant had a duty to test the mower for compliance with the ANSI standard.

Therefore, the Court rejects Lowe's argument that plaintiff's claims fail because he did not provide expert testimony on whether Lowe's had a duty to test the mowers for ANSI compliance.

### ORDER

For the forgoing reasons,

1) the motion for summary judgment of defendant MTD Products Co. (Docket No. 36) is, with respect to the breach of express warranty claim in Count I, **ALLOWED**, but is, with respect to all other claims, **DENIED**, and

2) the motion for summary judgment of defendant Lowe's Home Centers, LLC (Docket No. 39) is, with respect to the breach of express warranty claim in Count II, **ALLOWED**, but is, with respect to all other claims, **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton\
Nathaniel M. Gorton\
United States District Judge

Dated October 17, 2016