```
                    United States District Court
                      District of Massachusetts
 _____
                               )
Anthony Provanzano,            )
                               )
         Plaintiff,            )
                               )
         v.                    )   Civil Action No.
                               )   15-11720-NMG
MTD Products Co. et al.,       )
                               )
         Defendants.           )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Anthony Provanzano ("plaintiff") brought this lawsuit against defendants MTD Products Co. and Lowe's Home Centers, LLC (collectively, "defendants") arising out of an accident on a riding lawn mower during which four of plaintiff's fingers were amputated.

Each party filed a motion in limine to exclude the testimony of the other party's expert witness.  For the following reasons, defendants' motion to exclude the testimony of Mr. Kevin Sevart will be denied and plaintiff's motion to exclude the testimony of Dr. Sandra Metzler will be denied.

I.  <u>Factual and Procedural Background</u>

Late in the afternoon of October 12, 2014, Provanzano began to mow his lawn.  After making a few passes around his yard, he surmised that the blade on his riding mower might be clogged.

-1-

He dismounted the mower and reached under the mower's cutting deck.  When he removed his hand, he realized that his fingers were badly injured.  Ultimately, four of Provanzano's fingers were amputated.

Plaintiff filed a complaint against defendants in Massachusetts state court in March, 2015, alleging four causes of action against each defendant:  1) breach of implied and express warranty, 2) negligence, 3) violations of the Massachusetts Consumer Protection Act (M.G.L. c. 93A) and 4) double or treble damages under that same statute.  In April, 2015, defendants removed plaintiff's case to this Court and subsequently filed answers to each of the counts.

Currently before this Court are defendants' motion in limine to exclude the testimony of Mr. Kevin Sevart and plaintiff's motion in limine to exclude the testimony of Dr. Sandra Metzler.

## II. Motions in Limine

### A. Legal Standard

The admission of expert evidence is governed by Fed. R. Evid. 702 which codified the Supreme Court's holding in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), and its progeny. United States v. Diaz, 300 F.3d 66, 73 (1st Cir. 2002). Rule 702 charges a district court with determining whether: 1) "scientific, technical, or other specialized knowledge will

assist the trier of fact," 2) the expert is qualified "by knowledge, skill, experience, training, or education" to testify on that subject, 3) the expert's proposed testimony is based upon "sufficient facts or data," 4) that testimony is the product of "reliable principles and methods" and 5) the expert "applies the principles and methods reliably to the facts of the case."

The Court must be vigilant in exercising its gatekeeper role because of the latitude given to expert witnesses to express their opinions on matters about which they have no firsthand knowledge and because an expert's testimony may be given substantial weight by the jury due to the expert's status. See Daubert, 509 U.S. at 595; Kumho Tire Co. v. Carmichael, 526 U.S. 137, 148 (1999).

The Court must nonetheless keep in mind that vigorous cross-examination, presentation of contrary evidence and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. Daubert, 509 U.S. at 596.  If an expert's testimony is within "the range where experts might reasonably differ," the jury, not the trial court, should be the one to decide among the conflicting views of different experts. Kumho Tire, 526 U.S. at 153.  When a dispute exists between two experts who both use reliable methods, that dispute "[goes] to the weight, not the

admissibility, of the testimony." Cummings v. Standard Register Co., 265 F.3d 56, 65 (1st Cir. 2001).

   **B.  Application**

      **1.  Mr. Kevin Sevart**

Plaintiff plans to have Kevin Sevart testify as an expert witness regarding the defects in defendants' lawn mower and the causation of plaintiff's injuries.  Mr. Sevart is a licensed mechanical engineer with a specific focus on outdoor power equipment.  He concludes that the lawn mower was defective 1) in its design as to certain characteristics relating to the stopping time of the mower's blade, 2) the design of the layout of certain controls and 3) in its warnings.  He also concludes that there is a causal connection between plaintiff's accident and the defects associated with the subject mower.

Defendants respond that Mr. Sevart's opinions on causation should be excluded because 1) they are speculative and lack evidentiary and analytical support and 2) Mr. Sevart did not perform an accident reconstruction or a time-to-blade-access analysis of plaintiff's testimony.

Defendants' arguments about the speculative nature of and lack of support for Mr. Sevart's testimony amount to disagreements with his conclusions.  Such disagreements are not, however, proper grounds for exclusion. See WBIP, LLC v. Kohler Co., 965 F. Supp. 2d 170, 173 (D. Mass. 2013).  Furthermore,

-4-

failure to consider particular variables or to use certain methods is not fatal to an expert's testimony. See Cummings, 265 F.3d at 65. Defendants' objections to Mr. Sevart's testimony "[go] to the weight, not the admissibility, of the testimony." Id.

Defendants further aver that Mr. Sevart lacks the qualifications to testify about riding lawn mowers. Although Mr. Sevart has neither been employed by an outdoor power equipment manufacturer nor designed a riding mower for consumer use himself, he is not thereby disqualified from testifying about the alleged defects in the lawn mower in this case. Mr. Sevart is a licensed engineer with almost 30 years of experience and has previously testified in products liability cases involving lawn mowers. He is qualified to testify. See Diefenbach v. Sheridan Transp., 229 F.3d 27, 31 (1st Cir. 2000) (affirming district court's decision to allow a licensed sea captain to testify based on his credentials even though he had never served on the vessel at issue in the case).

Consequently, the Court will deny defendants' motion to exclude Mr. Sevart's expert testimony.

### 2.  Dr. Sandra Metzler

Defendants plan to call Dr. Sandra Metzler to testify as an expert witness concerning the bio-mechanics and timing of plaintiff's accident. Dr. Metzler is a bio-mechanical engineer

with extensive training and education in human bio-mechanics, mechanical engineering and human factors analysis.  She performed a bio-mechanical task analysis of plaintiff's accident as plaintiff described it during his deposition in order to form her opinion on the timing and bio-mechanics of plaintiff's accident.

Plaintiff complains that Dr. Metzler's opinions are outside the scope of permissible expert testimony and unsupported by reliable scientific methodology.  The disagreements with Dr. Metzler's choice of methodology and conclusions go to the weight but not the admissibility of her testimony. See Cummings, 265 F.3d at 65.

Plaintiff also contends that Dr. Metzler is not qualified as an accident reconstructionist.  She has performed task analyses of events similar to those at issue here, however, as a part of her bio-mechanical and human factors training.

Plaintiff's concerns with Dr. Metzler's testimony are more appropriately addressed by vigorous cross-examination during trial.  Accordingly, the Court will deny plaintiff's motion to exclude Dr. Metzler's expert testimony.

**ORDER**

For the foregoing reasons,

1) Defendants' motion to exclude the testimony of Mr. Kevin Sevart (Docket No. 38) is **DENIED** and

2) Plaintiff's motion to exclude the testimony of Dr. Sandra Metzler (Docket No. 53) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated October 17, 2016