United States District Court
District of Massachusetts

|                           |   |                      |
|---------------------------|---|----------------------|
| Anthony Provanzano,       | ) |                      |
|                           | ) |                      |
|    Plaintiff, | ) |                   |
|                           | ) |                      |
|    v.      | ) | Civil Action No.     |
|                           | ) | 15-11720-NMG         |
| MTD Products Co.,         | ) |                      |
|                           | ) |                      |
|    Defendant. | ) |                   |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Anthony Provanzano ("plaintiff") brought this case against defendant MTD Products Company ("MTD" or "defendant") with respect to an incident during which four of plaintiff's fingers were amputated by a Troy-Bilt 26J Mini Rider riding lawn mower. Plaintiff generally alleged that the lawn mower, which was manufactured by defendant, was defective and unreasonably dangerous and, as a result, caused plaintiff's injuries.

A jury trial was held in May, 2017 and the jury found that 1) defendant was negligent in designing, manufacturing or failing to provide adequate warnings or instructions for the subject lawn mower but that such negligence was not a substantial cause of the accident and 2) that defendant breached the implied warranty of merchantability by selling the subject

-1-

lawn mower but again that such a breach was not a substantial cause of the accident. Accordingly, the jury awarded no damages to the plaintiff.

Plaintiff has since filed two post-trial motions which are pending before the Court: a motion for judgment on his M.G.L. c. 93A claims ("93A claims") and a motion for judgment as a matter of law on the negligence and breach of warranty claims submitted to the jury or, in the alternative, for a new trial. For the following reasons, both motions will be denied.

I. **Plaintiff's Motion for Judgment as a Matter of Law, or, in the Alternative, for a New Trial**

Plaintiff requests that the Court vacate the jury verdict in favor of defendant on the causation issues for both the negligence and breach of warranty claims and enter judgment in his favor or, in the alternative, to conduct a new trial.

**A. Legal Standard**

Judgment as a matter of law overturning a jury verdict is warranted only if there was insufficient evidence at trial for a reasonable jury to find in favor of the non-moving party. Fed. R. Civ. P. 50. The court must examine the evidence of record, draw all reasonable inferences in favor of the prevailing party and determine whether there is a sufficient evidentiary basis for the verdict. Zimmerman v. Direct Fed. Credit Union, 262 F.3d 70, 75 (1st Cir. 2001). The court may not assess witness

credibility, resolve conflicts in testimony or weigh the evidence. Barkan v. Dunkin' Donuts, Inc., 627 F.3d 34, 39 (1st Cir. 2010). Although a non-moving party with the burden of proof at trial must present more than a "mere scintilla" of evidence and cannot rely on conjecture or speculation, see id., the court must not disturb a jury verdict unless the evidence, viewed in the light most favorable to the prevailing party, "points unerringly to an opposite conclusion." Zimmerman, 262 F.3d at 75.

In the alternative, a court has the discretion to order a new trial when the jury verdict is against the clear weight of the evidence, is based upon false evidence or would result in a clear miscarriage of justice. Mayo v. Schooner Capital Corp., 825 F.2d 566, 570 (1st Cir. 1987). Although the authority of a court to order a new trial is "broad", the First Circuit has "often" emphasized that

> a district judge cannot displace a jury's verdict merely because he disagrees with it or because a contrary verdict may have been equally . . . supportable.

Jennings v. Jones, 587 F.3d 430, 436 (1st Cir. 2009) (internal quotation marks omitted).

If the moving party seeks a new trial on the basis of an allegedly improper jury instruction, the court can set aside the verdict if it finds that the instruction is 1) "misleading, unduly complicating, or incorrect as a matter of law" and 2) is

not harmless. Davignon v. Clemmey, 322 F.3d 1, 9 (1st Cir. 2003) (quoting Romano v. U-Haul Int'l, 233 F.3d 655, 665 (1st Cir. 2000). In doing so, the court must keep in mind that it need only give jury instructions that, taken as a whole, "advert[] to the critical issues" and set forth the general legal framework applicable to those issues. Zimmerman, 262 F.3d at 80.

**B. Application**

**1. Sufficiency of the Evidence**

With respect to defendant's negligence and breach of warranty claims, plaintiff challenges the sufficiency of the evidence establishing that defendant's actions were not a substantial cause of the accident. Plaintiff also maintains that, based on the evidence introduced at trial, the design of the subject riding lawn mower must have caused the accident.

First, as defendant correctly notes, it is plaintiff's burden to prove causation. Moreover, there is evidence in the record to suggest that plaintiff did not prove that defendant's actions were a substantial cause of the accident. For example, plaintiff's own expert witness, Kevin Sevart, testified that the accident could not have happened as plaintiff testified. Also, Dan Martens, one of defendant's experts, testified that even if the subject mower had been built with plaintiff's proposed alternative design, an operator of the mower could still override (intentionally or unintentionally) the mower's safety

features. That suggests that any putative design flaw in the mower was not a substantial cause of the accident.

Thus, viewing the record in a light most favorable to defendant, as it must, the Court concludes that there was sufficient evidence for the jury to conclude that plaintiff did not meet his burden with respect to causation.

**2. Jury Instructions and Verdict Form**

In the alternative, plaintiff requests a new trial on grounds that the Court erred when it instructed the jury that it must find that defendant's breach of implied warranty was a substantial cause of the accident in order to award damages and when it included the term "substantial cause" in the corresponding question on the verdict form.

Defendant generally responds that plaintiff must establish "legal" causation, which means substantial cause, to succeed on a breach of warranty claim and that the Court so instructed the jury.

Although plaintiff seems to imply in his memorandum supporting the motion that causation is not something he must prove to succeed on a breach of warranty claim, he nevertheless correctly concedes that proof of "legal" cause is required for a breach of warranty claim. See Lally v. Volkswagen Aktiengesellschaft, 698 N.E.2d 28, 43. He also admits that legal causation is "synonymous" with proximate causation and

that proximate causation means "substantial cause". That is precisely what the Court instructed and case law supports such an instruction. See, e.g., Laspersa v. Arrow Int'l, Inc., 2009 WL 5217030, at *8 (D. Mass. Dec. 23, 2009) (citing Matsuyama v. Birnbaum, 890 N.E.2d 819, 842-43 (Mass. 2008)).

Plaintiff also contends that the Court's instruction on the breach of warranty claim improperly required the jury to undertake a comparative fault analysis. The Court instructed the jury, however, that

> [i]t does not matter whether other concurrent causes contributed to the Plaintiff's injuries so long as you find that the Defendant's conduct was a substantial factor.

Thus, the Court expressly instructed the jury not to perform a comparative fault analyses. When taken as a whole, the Court concludes that its jury instruction (and corresponding verdict form) were appropriate. See Veracode, Inc. v. Appthority, Inc., 137 F. Supp. 3d 17, 81 (D. Mass. 2015) (holding that the Court did not err in instructing the jury when its instructions were consistent with applicable law).

### 3. Claims under M.G.L. c. 93A

For the same reasons described above, plaintiff requests that the Court enter judgment in its favor on the 93A claims. Because his 93A claims are based on the same breach of implied warranty and negligence theories as the common law claims, they

-6-

will be denied on the same grounds. See, e.g., Iannacchino v. Ford Motor Co., 888 N.E.2d 879, 889 (Mass. 2008) ("An implied warranty claim and a c. 93A claim . . . based on the same economic theory of injury and the same set of alleged facts . . . should survive or fail under the same analysis.").

**ORDER**

For the forgoing reasons,

1) plaintiff's motion for judgment on his 93A claim (Docket No. 172) is **DENIED** and

2) plaintiff's motion for judgment as a matter of law, or, in the alternative, for a new trial (Docket No. 179) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 8, 2017